3UNITED STATES DISTRICT COURT
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORDAN LONG,<br><br>                    Plaintiff,<br><br>        -against-<br><br>HARLEM UNITED HCH, LLC, HARLEM UNITED; and Individually and Jointly, MATTHEW GOODE.<br><br>                    Defendants. | Civil Action No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**NATURE OF THE ACTION**

1.      This is an employment case about Defendant employers Harlem United and Harlem United HCH, LLC (collectively, "Defendant Company"), and its supervisors and/or staff, including, but not limited to, Defendant Matthew Goode, discriminating against, harassing, and retaliating against Plaintiff employee, Jordan Long, on a regular basis based on sex, gender, sexual harassment, LGBTQ+ status, the Plaintiff's African American race, color, ethnicity, and legally protected complaints. Defendants' unlawful abuse included, but was not limited to, repeatedly sending Plaintiff unsolicited, naked and/or otherwise inappropriate pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after Plaintiff's legally protected complaints, and constructively terminating Plaintiff's employment.

2.      Plaintiff's claims include, but are not limited to, harassment, discrimination, hostile work environment, and retaliation in violation of Section 1981, 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the New York State Human Rights

1

Law, N.Y. Exec. Law § 290, *et seq.*, as Amended in 2019 ("NYSHRL"); and the New York City

Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. (NYCHRL").

3.      These claims are brought against Plaintiff's former employers Harlem United and

Harlem United HCH, LLC (collectively, "Defendant Company"), and against its supervisors and

staff, including, but not limited to, Defendant Matthew Goode (hereinafter, "Defendant Goode")

(collectively, "Defendants").

### PARTIES

4.      Plaintiff, Jordan Long, is a natural person who, at all times relevant to this action,

resided in New York County, New York.

5.      Defendant Goode is a natural person who, upon information and belief, at all

times relevant to this action, resided in New York County, New York.

6.      At all times relevant to this action, Harlem United HCH, LLC was and is a

domestic limited liability corporation.

7.      At all times relevant to this action, Harlem United was a d/b/a of Harlem United

HCH, LLC.

8.      At all times relevant to this action, Harlem United HCH, LLC was a d/b/a of

Harlem United.

9.      At all times relevant to this action, Harlem United was a subsidiary of Harlem

United HCH, LLC.

10.     At all times relevant to this action, Harlem United HCH, LLC was a subsidiary of

Harlem United.

11.     At all times relevant to this action, Defendant Company maintained a location at 306 Malcolm X Blvd, 3rd Floor, New York, N.Y. 10027 (hereinafter, "Defendant Company's NYC Location").

12.     At all times relevant to this action, Plaintiff worked in Defendant Company's NYC Location.

13.     At all times relevant to this action, Defendant Company employed more than 100 workers.

14.     Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

16.     This Court has supplemental jurisdiction over Plaintiff's New York State and City law claims pursuant to 28 U.S.C. § 1367.

17.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

18.     On or around October 21, 2021, Plaintiff filed a complaint of discrimination, harassment, and retaliation against Defendant Companies (the "Charges") with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charges were dually filed with the New York State Human Rights Division ("NYSHRD").

3

19.     Upon request, Plaintiff received a Notice of Right to Sue ("NORTS") from the EEOC. The NORTS was dated March 3, 2022.

20.     This action is being brought within 90 days of Plaintiff's receipt of the NORTS.

21.     Plaintiff seeks an award of appropriate relief.

### **RELEVANT FACTS**

22.     Plaintiff, Jordan Long, is an African American man.

23.     Mr. Long has a medium to dark-brown complexion.

24.     Mr. Long is also gay.

25.     Defendant Company hired Mr. Long on or around November 9, 2020.

26.     Defendant Company hired Mr. Long to work as a front desk receptionist.

27.     Mr. Long's workplace duties included assisting clients with housing related matters and assisting clients and staff as a program aide.

28.     Mr. Long maintained a positive work record.

29.     Defendant Goode worked in the same department as Mr. Long.

30.     Defendant Goode was one of Mr. Long's supervisors.

31.     Eddy Canon was also one of Mr. Long's supervisors.

32.     Eddy Canon was also Senior Director of Human Resources ("HR") for Defendant Company.

33.     Mr. Canon frequently directed Mr. Long to speak with Defendant Goode if he had questions and/or needed assistance with client matters.

34.     Defendant Goode had at least some involvement (directly or indirectly) in giving Mr. Long work assignments.

35.     Defendant Goode delegated work tasks to Mr. Long throughout his employment.

36.     For example, Defendant Goode would tell Mr. Long to distribute checks to clients and to stamp and send out mail for Defendant Company's Housing Department.

37.     Defendant Goode gave Mr. Long supplies that he needed to assist clients of Defendant Company.

38.     Defendant Company told Mr. Long to submit requests for petty cash to Defendant Goode for approval.

39.     Defendant Goode responded to staff requests for petty cash and distributed petty cash to staff members, including to Mr. Long.

40.     Throughout his employment, Defendant Goode sexually harassed Mr. Long.

41.     For example, Defendant Goode followed Mr. Long on social media.

42.     Defendant Goode sent naked pictures of himself to Mr. Long.

43.     Mr. Long told Defendant Goode not to send him naked and/or sexually suggestive pictures of himself.

44.     Defendant Goode's unlawful abuse continued.

45.     Defendant Goode repeatedly asked Mr. Long out on romantic dates.

46.     Defendant Goode repeatedly asked Mr. Long out for drinks.

47.     Mr. Long complained to Defendant Goode that his advances were not welcome and were inappropriate.

48.     Mr. Long complained about Defendant Goode's misconduct.

49.     On or around February/March 2021, Sean Carrington saw Defendant Goode trying to get Mr. Long to go out and/or to have drinks with him.

50.     At that time (i.e., on or around Feb/March 2021), Sean Carrington was an Executive Director of Admin. Operations for Defendant Company.

51.     Mr. Carrington asked Mr. Long if Defendant Goode was sexually harassing him.

52.     Mr. Long also complained to Mr. Carrington.

53.     Eddy Canon was also notified of Mr. Long's complaints about Defendant Goode's misconduct during Mr. Long's employment.

54.     Julissa Jose was also notified of Mr. Long's complaints about Defendant Goode's misconduct during Mr. Long's employment.

55.     At that time (i.e., on or around February/March 2021), Julissa Jose was Director of HR for Defendant Company.

56.     Defendant Company was also well-aware of Mr. Goode's unlawful activities since before Mr. Long was hired.

57.     For example, in or around 2020, a client complained about Mr. Goode sending the client unsolicited Facebook messages.

58.     In or around 2020, a client complained about Defendant Goode discussing the size of Defendant Goode's penis to the client.

59.     In or around 2020, a client complained about Defendant Goode to Laura Grund.

60.     In or around 2020, Laura Grund was an executive in Defendant Company.

61.     In or around 2020, Laura Grund was one of Defendant Goode's supervisors.

62.     In or around 2020, Laura Grund was aware of complaint(s) by customer(s) regarding Defendant Goode behaving inappropriately and/or in a sexual manner towards customer(s).

63.     Staff members also spoke about complaints from customer(s) about Defendant Goode behaving inappropriately and/or in a sexual manner towards customer(s).

64.     The unlawful abuse further escalated after Mr. Long's legally protected complaints.

65.     For example, Defendant Goode sent Mr. Long unsolicited Instagram messages calling him a sexy pretty "Bi$ch."

66.     In or around February 2021, Defendant Goode sent Mr. Long unsolicited pictures of him naked in a Jockstrap on Grindr.

67.     Defendant Goode did not sexually harass Defendant Company's staff members who were White and/or who had fair/light-colored complexions; who were female; and/or who were heterosexual.

68.     Defendant Goode also refused to give Mr. Long supplies and petty cash that he needed to assist clients.

69.     Defendant Goode attempted to hinder Mr. Long from performing his work tasks.

70.     The unlawful abuse continued to escalate, unabated, despite Mr. Long further complaining on or around July 15, 2021.

71.     The unlawful abuse caused Mr. Long's employment to end on or around July 29, 2021.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR RACE/COLOR/ETHNICITY DISCRIMINATION, HARASSMENT & HOSTILE WORK ENVIRONMENT UNDER SECTION 1981

72.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

73.     This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

74.     42 USC Section 1981 states, in relevant part, as follows:

    "(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

75.     The clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

76.     Defendants subjected Plaintiff to unlawful activities, with misconduct, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

77.     Defendants' conduct was so severe or pervasive that a reasonable person in Plaintiff' positions would find that Plaintiff's work environment was hostile or abusive.

78.     Plaintiff reasonably believed that their work environment was hostile or abusive as a result of Defendants' conduct.

79.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

80.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering,

inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

81.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

82.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

### AS FOR THE SECOND CAUSE OF ACTION
### FOR RACE/COLOR/ETHNICITY RETALIATION UNDER SECTION 1981

83.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

84.    This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

85.    42 USC Section 1981 states, in relevant part, as follows:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

86.     The clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

87.     Defendants' misconduct violated Section 1981.

88.     Plaintiff complained about Defendants' unlawful conduct.

89.     In response to Plaintiff's complaints, Defendants retaliated with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

90.     Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff' federally protected rights.

91.     Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

92.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

93.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage

to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

94.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

**AS FOR THE THIRD CAUSE OF ACTION**
**FOR RACE/COLOR/ETHNICITY DISCRIMINATION AND HARASSMENT**
**UNDER TITLE VII**
**(Against Defendant Companies)**

95.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

96.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.

97.     Plaintiff further complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon Plaintiff's sex, gender, race, color, ethnicity, and upon Plaintiff's actual and/or perceived sexual orientation within the meaning of Title VII.

98.     At all times relevant to this lawsuit, Defendant Company was and is an employer within the meaning of Title VII.

99.     At all times relevant to this lawsuit, Plaintiff was and is a member of protected classes within the meaning of Title VII.

100.     At all times relevant to this lawsuit, Defendants were aware of Plaintiff's legally protected classifications.

101.    Defendants engaged in unlawful employment practices with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

102.    Defendants' conduct created a hostile working environment.

103.    Defendants' conduct negatively affected the terms and conditions of Plaintiffs' employment.

104.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

105.    Defendants' discrimination was willful, intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

106.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

107.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

108.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

109.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

**AS FOR THE FORTH CAUSE OF ACTION**
**FOR RACE/COLOR/ETHNICITY RETALIATION UNDER TITLE VII**
**(Against Defendant Companies)**

110.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.

112.    Defendants engaged in unlawful employment practices prohibited by Title VII.

113.    Plaintiff complained against Defendants' unlawful conduct.

114.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

115.    Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

116.    Upon information and belief, Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

117.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

118.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

119.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

120.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

**AS FOR THE FIFTH CAUSE OF ACTION**
**FOR SEX/GENDER DISCRIMINATION AND HARASSMENT**
**UNDER TITLE VII**
**(Against Defendant Companies)**

121.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

122. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

123. Plaintiff further complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon Plaintiff's sex, gender, race, color, ethnicity, and upon Plaintiff's actual and/or perceived sexual orientation within the meaning of Title VII.

124. Defendants engaged in unlawful employment practices with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

125. Defendants' conduct created a hostile working environment.

126. Defendants' conduct negatively affected the terms and conditions of Plaintiffs' employment.

127. Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

128. Defendants' discrimination was willful, intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

129. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered

future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

130.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

131.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

132.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

## AS FOR THE SIXTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER TITLE VII
### (Against Defendant Companies)

133.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

134.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

135.    Defendants engaged in unlawful employment practices prohibited by Title VII.

136.    Plaintiff complained against Defendants' unlawful conduct.

137.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures

on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

138.   Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

139.   Upon information and belief, Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

140.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

141.   As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

142.   As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

143.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

## AS FOR THE SEVENTH CAUSE OF ACTION
## FOR SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT
## UNDER TITLE VII
## (Against Defendant Companies)

144.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

145.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

146.     Defendants engaged in unlawful employment practices with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

147.     Defendants' conduct created a hostile working environment.

148.     Defendants' conduct negatively affected the terms and conditions of Plaintiffs' employment.

149.     Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

150.     Defendants' discrimination was willful, intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

151.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered

future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

152.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

153.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

154.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

### AS FOR THE EIGHTH CAUSE OF ACTION
### FOR SEXUAL ORIENTATION RETALIATION UNDER TITLE VII
### (Against Defendant Companies)

155.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

156.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

157.    Defendants engaged in unlawful employment practices prohibited by Title VII.

158.    Plaintiff complained against Defendants' unlawful conduct.

159.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures

on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

160.    Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

161.    Upon information and belief, Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

162.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

163.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

164.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

165.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

**AS FOR THE NINTH CAUSE OF ACTION**
**FOR RACE/COLOR/ETHNICITY DISCRIMINATION AND HARASSMENT**
**UNDER THE STATE LAW**

166.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

167.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

168.    At all times relevant to this lawsuit, Defendant Company was and is an employer within the meaning of the NYSHRL.

169.    At all relevant times, Defendant Goode was involved in the supervision and/or control of workplace conditions, and had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages as an "employer" under the NYSHRL.

170.    At all relevant times, Plaintiff was and is a person and employee within the meaning of the NYSHRL.

171.    At all relevant times, Plaintiff was and is Black/African-American, gay man.

172.    At all relevant times, Defendants were aware of Plaintiff's race, color, ethnicity, sex, gender, and sexual orientation.

173.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

174.   Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

175.   Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

176.   Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

177.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

178.   Defendants caused Plaintiff to be subjected to inferior terms, conditions, and/or privileges of employment because of Plaintiff's membership in one or more protected categories.

179.   Defendants' misconduct was also willful, wanton, reckless, showed a conscious disregard for Plaintiff's rights, and/or was so reckless as to amount to such disregard entitling Plaintiff to punitive damages.

180.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

181.   Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

182.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

183.     Plaintiff is entitled to recover punitive damages and attorney's fees from Defendants under the NYSHRL, § 297(9) and (10).

**AS FOR THE TENTH CAUSE OF ACTION**
**FOR RACE/COLOR/ETHNICITY RETALIATION UNDER THE STATE LAW**

184.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

185.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

186.     Defendants engaged in unlawful employment practices prohibited by Title VII.

187.     Plaintiff complained against Defendants' unlawful conduct.

188.     Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

189.     Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

190.     Upon information and belief, Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

191.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

192.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

193.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

194.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

### AS FOR THE ELEVENTH CAUSE OF ACTION
### FOR SEX/GENDER DISCRIMINATION AND HARASSMENT
### UNDER THE STATE LAW

195.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

196.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

197.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked

pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

198.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

199.    Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

200.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

201.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

202.    Defendants caused Plaintiff to be subjected to inferior terms, conditions, and/or privileges of employment because of Plaintiff's membership in one or more protected categories.

203.    Defendants' misconduct was also willful, wanton, reckless, showed a conscious disregard for Plaintiff's rights, and/or was so reckless as to amount to such disregard entitling Plaintiff to punitive damages.

204.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

205.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

206.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

207.    Plaintiff is entitled to recover punitive damages and attorney's fees from Defendants under the NYSHRL, § 297(9) and (10).

### AS FOR THE TWELFTH CAUSE OF ACTION
### FOR SEX/GENDER RETALIATION UNDER THE STATE LAW

208.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

209.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

210.    Defendants engaged in unlawful employment practices prohibited by Title VII.

211.    Plaintiff complained against Defendants' unlawful conduct.

212.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

213.    Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the unlawful misconduct.

26

214.    Upon information and belief, Defendants' discrimination/retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

215.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

216.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, and lasting embarrassment and humiliation.

217.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

218.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendants under Title VII.

## AS FOR THE THIRTEENTH CAUSE OF ACTION
## FOR SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT
## UNDER THE STATE LAW

219.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

220.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

221.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

222.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

223.    Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

224.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

225.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

226.    Defendants caused Plaintiff to be subjected to inferior terms, conditions, and/or privileges of employment because of Plaintiff's membership in one or more protected categories.

227.    Defendants' misconduct was also willful, wanton, reckless, showed a conscious disregard for Plaintiff's rights, and/or was so reckless as to amount to such disregard entitling Plaintiff to punitive damages.

228.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

229.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

230.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

231.    Plaintiff is entitled to recover punitive damages and attorney's fees from Defendants under the NYSHRL, § 297(9) and (10).

**AS FOR THE FOURTEENTH CAUSE OF ACTION
FOR SEXUAL ORIENTATION RETALIATION UNDER THE STATE LAW**

232.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

233.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

234.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

235.    Plaintiff complained about Defendants' unlawful misconduct.

236.    Defendants retaliated against Plaintiff's legally protected complaints with misconduct including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

237.    Upon information and belief, each and every Defendant contributed to the discrimination/retaliation, was aware of the discrimination/retaliation, did nothing to resolve the discrimination/retaliation and/or was complicit in the misconduct.

238.    Defendants' unlawful employment practices negatively affected Plaintiff's terms and conditions of employment.

239.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability and reasonable accommodation requests, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

240.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

241.    Defendants caused Plaintiff to be subjected to inferior terms, conditions, and/or privileges of employment because of Plaintiff's membership in one or more protected categories.

242.    Defendants' misconduct was also willful, wanton, reckless, showed a conscious disregard for Plaintiff's rights, and/or was so reckless as to amount to such disregard entitling Plaintiff to punitive damages.

243.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

244.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

245.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

246.    Plaintiff is entitled to recover punitive damages and attorney's fees from Defendants under the NYSHRL, § 297(9) and (10).

**AS FOR THE FIFTEENTH CAUSE OF ACTION**
**FOR RACE/COLOR/ETHNICITY DISCRIMINATION AND HARASSMENT**
**UNDER THE NYCHRL**

247.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

248.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

249.    At all times material, Defendant Companies were and are employers within the meaning of the NYCHRL.

250.    At all times material, Defendant Goode had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

251.    At all times material, Plaintiff was an employee and an individual within the meaning of the NYCHRL.

252.    At all times material, Plaintiff was a member of protected classes within the meaning of the NYCHRL.

253.    Defendants subjected Plaintiff to unlawful discrimination and harassment with misconduct, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

254.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

255.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

256.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

257.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

258.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage

to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

259.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SIXTEENTH CAUSE OF ACTION
## FOR RACE/COLOR/ETHNICITY RETALIATION UNDER THE NYCHRL

260.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

261.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

262.    Defendants engaged in activities that violated the NYCHRL.

263.    Plaintiff complained about Defendants' discrimination and harassment.

264.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

265.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

266.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

267.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

268.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

269.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

270.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

271.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SEVENTEENTH CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION AND HARASSMENT
## UNDER THE NYCHRL

272.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

273.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

34

274.    Defendants subjected Plaintiff to unlawful discrimination and harassment, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

275.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

276.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

277.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

278.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

279.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

280.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE EIGHTEENTH CAUSE OF ACTION**
**<u>FOR SEX/GENDER RETALIATION UNDER THE NYCHRL</u>**

281.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

282.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

283.    Defendants engaged in activities that violated the NYCHRL.

284.    Plaintiff complained about Defendants' unlawful activity.

285.    In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

286.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

287.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

288.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

289.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

290.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

291.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

292.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

### AS FOR THE NINETEENTH CAUSE OF ACTION
### FOR SEXUAL ORIENTATION DISCRIMINATION AND HARASSMENT
### UNDER THE NYCHRL

293.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

294.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

295.    Defendants subjected Plaintiff to unlawful discrimination and harassment, including, but not limited to, subjecting Plaintiff to racist, sexist and homophobic slurs and comments on a regular basis and constructively terminating Plaintiff's employment.

296.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

297.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

298.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

299.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

300.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

301.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE TWENTIETH CAUSE OF ACTION
## <u>FOR SEXUAL ORIENTATION RETALIATION UNDER THE NYCHRL</u>

302.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

303.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

304.    Defendants engaged in activities that violated the NYCHRL.

305.    Plaintiff complained about Defendants' unlawful activity.

306.    In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, repeatedly sending Plaintiff unsolicited, naked pictures on social media, calling Plaintiff a sexy pretty "bi$ch", escalating the sexual harassment after his legally protected complaints, and constructively terminating Plaintiff's employment.

307.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

308.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

309.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

310.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

311.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

312.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

313.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that the Defendants engaged in unlawful employment practices prohibited by Section 1981, by Title VII, by the NYSHRL, and the NYCHRL.

B.  Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C.  Awarding damages to Plaintiff, retroactive to the date of Plaintiff's employment termination, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiff compensatory damages for mental and emotional injury, and injury to reputation;

E.  Awarding Plaintiff punitive damages under Section 1981, Titile VII, the NYSHRL, and

the NYCHRL;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the

action under Section 1981, Title VII, the NYSHRL and the NYCHRL;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendants' unlawful employment practices.

Dated:  New York, NY
       May 31, 2022

                Respectfully submitted,

                LAW OFFICES OF LAURIE E. MORRISON

                By:  _____
                     Laurie E. Morrison, Esq.
                     100 Church Street, 8th Floor
                     New York, New York 10007
                     (212) 721-4051 (office)
                     (646) 651-4821 (fax)
                     morrison@lemorrisonlaw.com
                     *Attorney for Plaintiff*

**TO:**

Harlem United & Harlem United HCH, LLC
306 Malcolm X Blvd, 3rd Floor
New York, NY 10027
Telephone: 212-803-2850
**VIA SECRETARY OF STATE**
Esther Feuer, Esq.
Kaufman Borgeest & Ryan LLP
*Attorneys for Defendants Harlem United & Harlem United HCH, LLC*
120 Broadway, New York, NY 10271
efeuer@kbrlaw.com

Matthew Goode
C/o Harlem United (Defendant's place of business)